(No. 95-CV-1334—

*In re* APPLICATION OF MARIE MOORE

*Order filed January 27, 1995.*
*Opinion filed December 4, 1995.*
*Order filed February 22, 1996.*

MARIE MOORE, *pro se*, for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO and DONALD MCLAUGHLIN, Assistant Attorneys General, of counsel), for Respondent.

ORDER

PER CURIAM.

This claim arises out of an incident that occurred on October 10, 1994. Marie Moore, mother of the deceased victim, Louis Jackson, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1, *et seq*.

This Court has carefully considered the application for benefits submitted on November 9, 1994, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on October 10, 1994, the victim was shot, allegedly by an offender who was known to him. The incident occurred near 6419 South Hamilton, Chicago, Illinois. Police investigation revealed that prior to the incident, the victim and the alleged offender were involved in a dice game and were gambling for money. After the dice game concluded, the alleged offender initiated a verbal dispute with the victim over the money he had lost. During this dispute, the alleged offender produced a handgun and shot the victim. The alleged offender has been apprehended and charged with first degree murder. The criminal proceedings against him are currently pending.

While removing the body of the victim from the scene, the investigating police officers discovered a large plastic bag containing several smaller plastic bags in which a crushed green plant substance was observed. An investigation by the Chicago Police Crime Lab determined that this substance was marijuana.

2. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that prior to the incident, the victim and the alleged offender were gambling. As a result of these actions, the alleged offender shot the victim during a dispute concerning the money he lost. Further, the victim was in possession of an illegal narcotic at the time of the incident.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## OPINION

JANN, J.

Marie Moore, mother of deceased victim, Louis Jackson, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. 740 ILCS 45/1, *et seq*.

Claimant's application was denied by order of the Court on January 27, 1995. Louis Jackson had been engaging in illegal gambling just prior to his death. Jackson was shot and killed by the person with whom he was gambling. The investigating police officers discovered a large

plastic bag containing several smaller plastic bags in which a crushed green plant substance was observed. Testing at the Chicago Police Crime lab determined that the substance in the decedent's possession was marijuana.

Claimant Moore requested a hearing which was held on July 10, 1995, before Commissioner Whipple. Claimant presented no witnesses to the incidents leading to her son's death. She testified that her son's friend had picked him up to go "partying" at 7 p.m. in a black car. The friend was not identified by name.

Understandably, Claimant was devastated by the death of her 16-year-old son. Claimant testified to her love and affection for her son and was proud that he had enrolled in college. Unfortunately, Claimant was unable to provide any evidence which would justify an award in this case. The police investigation clearly indicates that Louis Jackson was involved in illegal conduct which contributed to his death to such an extent as to warrant that Claimant be denied compensation.

It is hereby ordered that this claim is denied.

## ORDER

JANN, J.

This cause comes on to be heard on the applicant's request for reconsideration, due notice having been given, and the Court being advised.

It is hereby ordered that the applicant's request is denied and this matter is closed.

## ORDER

JANN, J.

This cause was presented for rehearing before Commissioner Whipple on December 9, 1996. Claimant's

346

petition for compensation pursuant to the Crime Victims Compensation Act (740 ILCS 45/1 *et seq.*), was denied by order of the Court on December 4, 1995. Claimant was advised that in order to prevail at rehearing, the assertions and conclusions raised in her petition must be supported by evidence, relevant testimony and/or documentation. (See order of 8/1/96.)

The rehearing transcript and commissioner's recommendation submitted herein clearly demonstrate that Claimant has failed to meet her burden of proof. Claimant presented absolutely no evidence to support her claim.

We must therefore deny this claim with prejudice and order this cause closed by the clerk of the Court.